UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL MAHAN-EL,

    Plaintiff,

v.       CASE NO. 07-15261
    HONORABLE NANCY G. EDMUNDS

SHERILL UNDERWOOD, NANCY
SPINGELLAO, CURTIS MCVITTIE,
BARBARA SAMPSON, and
PATRICIA L. CARUSO,

    Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Carl Mahan-El is a state prisoner at Jackson Correctional Facility in Jackson, Michigan. He has filed a *pro se* complaint for money damages under 42 U.S.C. § 1983. The defendants are: Sherill Underwood, a parole agent; Nancy Spingellao and Curtis McVittie, parole supervisors; Barbara Sampson, Chairman of the Michigan Parole Board; and Patricia L. Caruso, Director of the Michigan Department of Corrections. The complaint alleges that Plaintiff was charged with violating parole when he was on probation, not parole. Plaintiff complains that he was held illegally for 43 months and 13 days. He sues the defendants in their personal and official capacities, claiming that they violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. All or part of an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 1965 (citations and footnote omitted).

## III. DISCUSSION

The pending complaint is frivolous and fails to state a claim because it challenges the fact or duration of Plaintiff's confinement. Plaintiff has no right to relief in a civil rights action unless and until the alleged unconstitutional confinement has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action is barred (absent prior

invalidation), regardless of the relief sought (damages or equitable relief) or the target of the prisoner's suit (conduct leading to conviction or internal prison proceedings), "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Although Plaintiff alleges that he filed a habeas corpus petition concerning the same parole matter, he has not alleged that he prevailed in that action. In fact, this Court dismissed his federal habeas corpus petition for failure to comply with the one-year statute of limitations for habeas cases. *See Mahan v. Jamrog*, No. 02-74663 (E.D. Mich. Jan. 10, 2003). The Court's opinion in the 2003 case indicates that Plaintiff also filed a state habeas corpus petition, which was unsuccessful. Thus, Plaintiff has failed to make the necessary showing under *Heck* and *Dotson*.

The complaint lacks an arguable basis under law. Accordingly, this action is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff may not pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: January 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager